J-S48015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN HOWARD | : | |
| | : | |
| Appellant | : | No. 1280 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 23, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0010631-2016.

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.: Filed: February 11, 2021

Kevin Howard appeals from the judgment of sentence imposed after a stipulated waiver trial at which the trial court convicted him of possessing child pornography.[1] We affirm.

The facts and procedural history may be summarized as follows: Originally, on May 30, 2017, Howard pled guilty to possession of child pornography, graded as a felony of the third degree. Pursuant to a negotiated sentence, the trial court sentenced him to a six-year probationary term. After accepting the guilty plea and imposing sentence, the trial court confirmed with

_____

[1] 18 Pa.C.S.A § 6312(d).

the parties that the terms of the plea agreement included a provision that Howard would not be subject to the registration requirements under the Sex Offender Registration and Notification Act ("SORNA"). 42 Pa.C.S.A. §§ 9799.10-9799.75.[2]

Subsequently, when Howard reported to the probation department, he was informed that he was required to register under SORNA. In response, Howard promptly filed a motion to withdraw his guilty plea on June 7, 2017. The trial court granted Howard's motion on June 22, 2017.

Represented by new counsel, Howard filed a "Motion to Compel Compliance with Plea Agreement." The trial court explained the contents of this motion, as well as the subsequent procedural history as follows:

> In his motion, [Howard] requested that the "government comply with the term of the negotiated plea that [he] would not have to register under [SORNA]." On September 24, 2018, [the trial court] conducted a hearing on the motion. At this hearing, [Howard's counsel] argued that the Commonwealth was bound by the terms of the original plea offer and that [Howard] should not have to register under [SORNA]. The Commonwealth argued that while a lower offer without registration requirements was considered by the District Attorney's Office, it was never formally offered to [Howard]. The original offer of 6 years reporting probation but with [SORNA] requirements as required by law was still available to [Howard]. At the conclusion of argument, [the trial court] denied [Howard's] motion to compel, finding that there was no longer a plea agreement to enforce since [Howard] had withdrawn his guilty plea.

---

[2] Throughout the proceedings, the parties and the trial court refer to Megan's Law. Because Howard committed the crime at issue in 2016, the provisions of SORNA apply.

That same day, [the trial court] conducted a stipulated waiver trial. At its conclusion, [the trial court] found [Howard] guilty of possession of child pornography, graded as a felony of the third degree. Sentencing was deferred until April 23, 2019. On that date, [the trial court] sentenced [Howard] to 11½ to 23 months county incarceration plus 3 years reporting probation with immediate parole to house arrest, with all [SORNA] registration requirements applicable. On May 1, 2019, [Howard's] counsel filed a Notice of Appeal on [Howard's] behalf and then withdrew as counsel.

For inexplicable reasons, despite [the trial court's] efforts to have new counsel appointed, James Berardinelli, Esquire was not appointed appellate counsel until nearly a year later on February 23, 2020.

Trial Court Opinion, 5/11/20, at 3-4. Both Howard and the trial court have complied with Pa.R.A.P. 1925.[3]

Howard now presents the following issue:

I. Did the [trial] court err in denying [Howard's] request for specific performance of the bargain agreed upon by the parties at the time of [Howard's] May 30, 2017 guilty plea, where the Commonwealth subsequently refused to abide by the agreed upon term that [Howard] not be subject to the reporting requirements of [SORNA]?

Howard's Brief at 3.

In support of this issue, Howard contends that his guilty plea "rested to a significant degree on the promise that he would not be subject to the provisions of [SORNA]. As a result, [the trial court] clearly erred in denying [Howard's] motion to compel specific performance of the bargain." *Id.* at 7.

---

[3] By separate order, this Court permitted Attorney Berardinelli to withdraw.

The trial court found no merit to Howard's claim:

> [Howard] claims that [the trial court] should have granted his request for specific performance of the terms of his guilty plea that he previously had withdrawn. He further argues that the Commonwealth should have been required to make him a new offer consistent with what he thought the original offer was at the time of sentencing. This claim is without merit as once [Howard] withdrew his guilty plea there was no longer any agreement or bargain to enforce.
>
> ***
>
> In the case at bar, [the trial court] properly denied [Howard's] motion to compel compliance with [his] plea agreement because there was no longer a plea agreement between the parties. [Howard] filed a motion to withdraw his plea agreement after he learned he would have to register as a sex offender. The sentencing court granted withdrawal of his original plea, finding that [Howard's] plea had not been voluntary since he had been misinformed regarding his registration requirements. Once the guilty plea was withdrawn, [Howard] was restored to his pre-agreement status. At that point, [Howard] could choose to go to trial or see if the Commonwealth was interested in entering into new plea negotiations with him. As there was no longer any agreement of the parties, there was no longer any agreement with which to "compel" the Commonwealth to comply.

Trial Court Opinion, 6/24/20, at 4-6.

Regarding Howard's claim that the Commonwealth was required to offer him a new plea agreement that exempted him from registering as a sex offender, the trial court further explained:

> [Howard] claims that the Commonwealth should have to offer him a new plea agreement that would permit him to avoid registering as a sex offender. He points to the conversation defense counsel had with [assistant district attorney ("ADA")] wherein [the ADA] said that the Commonwealth could consider downgrading [Howard's]

- 4 -

charge to one that did not require registration, but that this offer would "need approval." At the hearing on the motion to compel [a different ADA], on behalf of the Commonwealth, stated that after reviewing the case and speaking to the parties involved, the District Attorney's Office decided not to extend a different offer. [This ADA] stated that the original offer, but this time with full disclosure of the applicable [SORNA] registration requirements, was still available to [Howard].

*Id.* at 6.

Our review of the record and applicable case law supports the trial court's conclusions. Although in his brief Howard provides case law regarding specific performance of plea agreements, he ignores the fact that he **withdrew** his original guilty plea in this case. As noted by the trial court, when a defendant is permitted to withdraw his plea, his is returned to his pre-agreement status. **See Id.** at 6 (citing **Commonwealth v. Smith**, 664 A.2d 622, 629 (Pa. Super. 1995)). Howard cites no authority for his proposition that the underlying plea agreement remains binding even though the trial court granted him permission and he withdrew his original guilty plea.[4] Thus, as Howard's claim is meritless, we affirm his judgment of sentence.

Judgment of sentence affirmed.

---

[4] While Howard argues that this Court's decision in **Commonwealth v. Hainesworth**, 83 A.3d 444 (Pa. Super. 2013) (*en banc*), is "nearly identical," Howard's Brief at 8, the plea bargain enforced in **Hainesworth** was never withdrawn by the appellant.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/21